UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-                                  CASE NO: 8-18-CR-064 (GTS)

BRANDON JOCK,
                          Defendant.

---

# SENTENCING MEMORANDUM

DATED: August 9, 2018                   Respectfully submitted,

                                          LISA A. PEEBLES
                                          Federal Public Defender

                          By:    Randi J. Bianco, Esq.
                                          Assistant Federal Public Defender
                                          Bar Roll No. 507514
                                          Clinton Exchange, 3rd Floor
                                          4 Clinton Square
                                          Syracuse, New York 13202
                                          (315) 701-0080

## I.     **PRELIMINARY STATEMENT**

On March 14, 2018, Brandon Jock (*hereinafter* "Brandon") pled guilty to counts 1 – 5 of a five count information pursuant to a binding plea agreement. Count 1 charges Brandon with advertising child pornography in violation of 18 U.S.C. § 2251(d)(1)(A); and counts 2-5 charged him with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). Brandon's sentencing is scheduled for September 20, 2018.

The United States Probation Department prepared a Presentence Investigation Report (*hereinafter* "PSR") on August 2, 2018. According to the PSR, Brandon's total offense level is 43 (after acceptance), and his Criminal History Category is I, which results in a guideline imprisonment range of life. Brandon is asking this Court to accept the terms of the plea agreement pursuant to Rule 11(c)(1)(C) and impose a sentence of 360 months followed by a term of lifetime supervision.

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) excised the provisions in the sentencing statute which made the Sentencing Guidelines mandatory, thus rendering them merely advisory. Therefore, in determining a sentence a court must equally consider the guideline calculations, the unique characteristics of the defendant, and specific other statutory concerns listed in 18 U.S.C. § 3553(a), including:

(1)     The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     The need for the sentence imposed—

    (A)     To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     To afford adequate deterrence to criminal conduct;

    (C)     To protect the public from further crimes of the defendant; and

    (D)     To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Brandon respectfully submits this memorandum in support of a sentence "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 U.S.C. § 3553(a)(2).  In light of the objectives of sentencing and Brandon's lack of criminal history, he asks this Court to adopt the proposal of the parties and sentence him to 360 months followed by lifetime supervision.

## II.      THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

The nature of the offense involves advertising and providing links to sexually explicit materials depicting minors as outlined in the PSR at pp. 6-7. The crimes for which Brandon has pled guilty are serious offenses, but the sentence proposed by the parties is sufficient, but not greater than necessary, to achieve the statutory purposes of punishment as required by 18 U.S.C. § 3553(a)(2).

## III.     HISTORY AND CHARACTERISTICS OF BRANDON JOCK

### a)  Brandon's steady employment history

Brandon has always been a hard worker.  He began working in restaurants as a cook at age 16. In 2001, he graduated in the top half of his class from Massena Central High School and received a BOCES certificate for culinary arts. From that point on, Brandon was steadily employed as a cook [PSR ¶ 58]. His longest continuous employer was Guy's Diner in Massena, where he worked for seven years. When Guy's went out of business, Brandon found other employment in the food service industry. He continued to until he was hospitalized.

The Guidelines provide that a Defendant's employment record, community ties and employment related contributions are not ordinarily relevant in determining whether a sentence should be outside the guidelines.  *See* U.S.S.G §§ 5H1.5, 5H1.6 *and* 5H1.11.  However, if these factors are extraordinary, a downward departure is appropriate.  *See United States v. DeRiggi*, 45 F.3d 713, 718 (2d Cir. 1995); *United States v. Merritt*, 988 F.2d 1298, 1308-09 (2d Cir.), *cert.*

2

*denied*, 113 S. Ct. 2933 (1993); *United States v. Jagmohan*, 909 F.2d 61, 65 (2d Cir. 1990);

*United States v. Sharpsteen*, 913 F.2d 59, 63 (2d Cir. 1990).  Here, even despite Brandon's sever

drug addiction; he was always employed until he was hospitalized.

### b)  Brandon's drug use began with chronic back pain

At age 22 while employed as a cook in Massena, Brandon seriously injured his back at

work. To deal with the pain, he illegally obtained Vicodin and Percocet pills. Brandon then

began working 70 hours per week and further exacerbated his back injury, which led to his

increased dependence on these opioids.

In the years that followed, Brandon's addiction worsened. He tried many types of drugs

but his back pain was difficult to control without strong painkillers. At age 28, Brandon tried to

ween himself off the drugs, but his persistent back pain caused him to relapse. By age 29,

Brandon was using fentanyl patches. The next year, Brandon began using heroin and fentanyl.

From 2013 until his hospitalization in 2016, Brandon was using shooting up one to two bags of

heroin a day. During this time, he had no meaningful relationships and his life consisted of

working and using drugs. If not for his hospitalization, Brandon may not have survived.

### c)  Brandon's recovery

On October 10, 2016, Brandon was admitted to Massena Hospital. He was transferred to

University of Vermont Medical Center in Burlington, Vermont the following day. Brandon was

diagnosed with pneumonia, sepsis, hepatitis C and MSSA.  He spent 33 days in the hospital.

While there, Brandon underwent a painful opioid withdrawal. Though his opioid withdrawal was

incredibly difficult, Brandon realized that the hospital was the ideal location to withdraw from

drugs. During his stay at the hospital Brandon declined suboxone treatment because he wanted to

make a clean break. Upon his release, Brandon had broken free from his physical addiction to

heroin.

Brandon then moved back in with his mother and stepfather because he wanted to be in a drug free environment. He reconnected with his family and mended relationships that his addiction had strained. It was with the support of his family that Brandon was able to refrain from any further drug use.

However, Brandon's new drug-free life was not without difficulty. His recovery from his illness was long and difficult. During this time, Brandon spent all of his time at home. Even when he was feeling well enough to get out of bed, Brandon remained at home to avoid interacting with his old friends, fearing they would encourage him to use drugs.

During this prolonged period, Brandon was isolated. He was alone, in pain, and craving drugs. As a lonely 33-year-old recovering addict living with his mother, his self-esteem was dangerously low. Though wise, his decision to avoid his old friends compounded these issues. To occupy his time and keep his mind off drugs and depression, Brandon began spending time on the internet. The longer he remained in painful isolation the more time he spent on the computer. To find some semblance of human interaction, Brandon became involved in internet chatrooms. One day, an anonymous user sent Brandon a link to images of child pornography. He joined groups he was invited to and eventually administrated two of the groups. As misguided as it was, these groups provided Brandon with a solution to his crushing loneliness and a way to avoid reverting to his old behavior. Brandon began downloading and storing the images and videos, although he did not view all of the images he downloaded. Soon, Brandon was addicted to child pornography.

**d)  Substitute addictions**

There is no excuse for becoming involved with child pornography. However, there is a growing body of scientific research on the topic of "substitute addictions." Such research suggests that addictive disorders might not be independent. Howard J. Shaffer et al., *Toward a*

4

*Syndrome Model of Addiction: Multiple Expressions, Common Etiology*, 12 Harvard Rev. Psychiatry 367, 367 (2004). Rather, a psychological propensity for one form of addiction (e.g. drug addiction) might indicate a propensity for other addictive behaviors (e.g. pornography addiction). *Id*. Once an initial addiction is curbed, a substitute addiction can take its place. Steve Sussman & David S. Black, *Substitute Addiction: A Concern for Researchers and Practitioners*, 38 J. Drug Education 167, 169–171 (2008). For instance, studies have shown that overeating is a common substitute addiction for drug abuse. *Id*. at 171. Such a phenomenon of substituting one addiction for another is widely noted by researchers. *Id*. at 176.

Brandon developed an addiction to opioids at age 22. Similar addictions kill 115 Americans each day. *Opioid Overdose Crisis*, National Institute on Drug Abuse (2018), https://www.drugabuse.gov/drugs-abuse/opioids/opioid-overdose-crisis. Brandon was lucky to survive this addiction. However, Brandon's underlying psychological addictive characteristics did not disappear and instead manifested as a substitute addiction to child pornography. This does not excuse Brandon's behavior, but it does provide a basis to better understand his behavior.

**e) Brandon's criminal history**

Significantly, the only criminal history Brandon has was for an arrest for unlawful possession of marijuana. This arrest occurred in March 2015 during the height of his addiction to heroin. Otherwise, until this arrest, Brandon was always a productive member of society.

**f) Supportive Friends and Family**

Brandon is much more than the person who is charged with these offenses. The people who know Brandon best, his family and neighbors, have each written support letters of support on his behalf. All the letters have a common theme:[1] Brandon is a kind-hearted individual who is

---

[1] See support letters from family and friends submitted under separate cover.

always willing to help others without asking for anything in return. He is respectful, considerate, and cared for deeply by the people who know him. With a supportive family encouraging his progress and treatment, Brandon will be able to reintegrate into society smoothly upon his release from prison.

### g) Need for Treatment

Section 3553(a)(2)(D) requires the Court to look at the defendant's need for "educational or vocational training, medical care, or other correctional treatment in the most effective manner" when imposing a sentence.  Brandon has had two serious addictions: the first to opiates and the second to child pornography. He was fortunate that his hospitalization allowed him to free himself from his addiction to opiates, but the new addiction that took its place led to the instant offense. Since his arrest, however, Brandon has realized that he needs formal treatment to better himself and reenter society.

### h) Brandon's Age and Low Risk of Recidivism

Brandon is presently 35 years old and should the Court sentence him to the proposed 360 months, he will be 65 years old when released. The Sentencing Commission has found that advanced age should be considered at sentencing and that there is an inverse correlation between recidivism rates and age. United States Sentencing Commission, *Measuring Recidivism: the Criminal History Computation of Federal Sentencing Guidelines*, (May 2004). The Sentencing Commission found that less than 10% of defendants over 50 years of age committed another crime. *Id.* at 28. Controlling for criminal history category, only 6.2% of the defendants over age 50 that were in Criminal History Category I committed another offense. *Id.* at 28.

While there is some evidence that sex offenders pose a higher risk of recidivism than other criminal defendants, *see, e.g.,* U*nited States v. Hayes,* 445 F.3d 536, 537 (2d Cir. 2006) (citing H.R. Rep. No. 107-527, at 2 (2002)), other studies focusing on sexual offenders found

results similar to those found by the Sentencing Commission: recidivism decreases with age for all offender types. *See, e.g.*, R. Karl Hanson, *Age and Sexual Recidivism: A Comparison of Rapists and Child Molesters* (2001).

Even if the recidivism rates of the entire population of sex offenders are generally higher than the population of other criminal defendants, a point Brandon does not concede, studies have demonstrated that sex offenders receiving treatment are less likely to recidivate than sex offenders who remain untreated. *See*, *e.g.*, Karen Kersting, *New Hope for Sex Offender Treatment,* Monitor on Psychology (Aug. 2003); John Q. LaFond & Bruce J. Winnick, Sex *Offender Reentry Courts: A Proposal for Managing the Risk of Returning Sex Offenders to the Community,* 34 Seton Hall L. Rev. 1173, 1180-84 (2004).

Under the proposed sentence with sex offender treatment while incarcerated, and considering his age, treatment opportunities, and eventual post-release supervision, the likelihood of Brandon's recidivism will significantly diminish. Therefore, 360 months, plus life supervision, would be a sentence sufficient, but not greater than necessary, to satisfy the remaining federal interests involved in this case.

### i) **Remorse and Acceptance of Responsibility**

Brandon has accepted responsibility for his actions and feels incredible remorse for the impact that his actions have had on his family. Brandon understands the seriousness of his offense and sincerely wants to change his life for the better.

## IV.   <u>CONCLUSION</u>

Brandon Jock has a history of addictive behavior that ultimately led to the instant offense. Given the history behind the legislation concerning sexual exploitation of children, a sentence of more than 360 months, essentially life imprisonment, is unnecessarily excessive. Such a sentence would be incongruent with his offense and the overall goals of sentencing outlined in 18 U.S.C.

§ 3553(a). Given Brandon's work history, family support and his desire to change, he can certainly be rehabilitated.  With 360 months' imprisonment and treatment, Brandon can be capable of reentering society. Based upon the foregoing, a sentence of 360 months' imprisonment followed by lifetime supervision would comply with the statutory goals of punishment.

## V.      REQUEST FOR JUDICIAL RECOMMENDATION

The defense requests that the Court recommend that the Bureau of Prisons designate Brandon be placed in FCI Petersburg or FCI Butner.


DATED: August 9, 2018                LISA A. PEEBLES
                                     FEDERAL PUBLIC DEFENDER
                             By:     */s/ Randi J. Bianco, Esq.*
                                     Assistant Federal Public Defender
                                     Bar Roll No. 507514
                                     Clinton Exchange, 3rd Floor
                                     4 Clinton Street
                                     Syracuse, New York 13202
                                     (315) 701-0080


To:   Lisa Fletcher, Esq., AUSA
      Janna A. Kulakowski, USPO
      Brandon Jock

8