IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 8:18-CR-64 (GTS) |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| BRANDON JOCK, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court accept the parties' agreed-upon disposition, and impose a sentence of 360 months and lifetime supervised release.

## INTRODUCTION

On March 14, 2018, defendant Brandon Jock entered guilty pleas to Counts 1 – 5 of a 5-count Information, charging him with advertising and transporting child pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and 2252A(a)(1). He is scheduled to be sentenced on September 20, 2018.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.  Statutory Maximum and Minimum Sentences

The defendant's conviction on Count 1 of the Information (Advertising) subjects him to a statutory maximum term of 30 years imprisonment, and a mandatory minimum of 15 years. 18 U.S.C. § 2251(e). His convictions on Counts 2 – 5 of the Information (Transportation) subject him to a statutory maximum term of 20 years imprisonment, and a mandatory minimum of 5 years,

per count. 18 U.S.C. § 2252A(b)(1). In addition, the defendant faces a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. §3583(k); and a fine of up to $250,000. 18 U.S.C. §3571. He will also be required to register as a sex offender under the Sex Offender Registration and Notification Act. 34 U.S.C. § 20913.

2. Guidelines Provisions

   a. Offense Level

The Government adopts the Guidelines calculation set forth in the PSR, resulting in a Total Offense Level of 43. PSR ¶¶ 22-39.

   b. Acceptance of Responsibility

As the defendant has accepted responsibility for his crimes, and entered his plea of guilty in a timely manner, the Government moves for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b). *See* PSR ¶ 36.

   c. Criminal History Category

According to the presentence report, the defendant's criminal history category is I. PSR ¶ 43. The government agrees with the Probation Office's determination of the defendant's criminal history category.

   d. Guidelines Range and Sentence

As described above, the defendant's Total Offense Level is 43 and his Criminal History Category is I. As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life. PSR ¶ 62. However, as no count of conviction carries a potential life sentence, the Guidelines range becomes 110 years, which is the combined total of the statutory maximum sentences, and U.S.S.G. § 5G1.2(d) provides that the sentences imposed on each count of conviction shall run consecutively "to the extent necessary to produce a combined sentence equal

to the total punishment." PSR ¶ 62.  *See United States v. Howells*, 676 Fed. App'x 55, 57 (2d Cir. 2017) (because no count of conviction carried a potential life sentence, the Guidelines sentence was properly calculated as 580 years – the total of the statutory maximums for each count of conviction); *see also United States v. Ketcham*, 506 Fed. App'x. 42 (2d Cir. 2013); *United States v. Petrie*, 542 Fed. App'x. 746 (2d Cir. 2013).

The Guidelines term of supervised release is no less than 5 years, and up to Life, and the recommended term is lifetime supervision.  PSR ¶ 67; 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2).[1]

### GOVERNMENT'S SENTENCING RECOMMENDATION[2]

Based on all of the information before the Court, including the information set forth in detail in the PSR and otherwise in the court record, the parties have agreed that a sentence of 360 months and lifetime supervised release is sufficient, and not greater than necessary, to meet the goals of sentencing, and that it adequately addresses the factors set forth in 18 U.S.C. § 3553(a). This sentence reflects the seriousness of the defendant's crimes, including the size and nature of his collection of child pornography, the fact that he actively shared that collection, encouraged others to share similar files, and the fact that he actively engaged in illegal on-line activities with

---

[1]  The Government agrees with the conclusion of the Probation Officer that the defendant does not have the ability to pay a fine or the additional special assessment.   PSR ¶ 59-60.

[2]  The government reserves the right to respond to any defense arguments raised for the first time after the filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).  Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

minors, while recognizing his acceptance of responsibility for his actions, including his immediate cooperation with law enforcement when confronted about his crimes.

Respectfully submitted this 27th day of August, 2018

GRANT C. JAQUITH
United States Attorney

*/s/ Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************
**UNITED STATES OF AMERICA,**

    **v.**

**BRANDON JOCK,**

    **Defendant.**
*****************************************

**Criminal Action No.**

**8:18-CR-064 (GTS)**

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the **GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

Randi Juda Bianco, Esq.

*/s/*

Paula Briggs